[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-14068
Non-Argument Calendar
_____

D.C. Docket No. 8:17-cr-00361-SCB-AEP-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

HARLEM SLAUGHTER TURNER, III,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(November 5, 2019)

Before WILSON, WILLIAM PRYOR, and BRANCH, Circuit Judges.

PER CURIAM:

Harlem Slaughter Turner, III, appeals his 188-month sentence for possession

of a firearm and ammunition by a convicted felon, in violation of 18 U.S.C.

§§ 922(g)(1) and 924(e).  On appeal, he argues that the district court erred when it qualified him as an armed career criminal under § 924(e)(1), because he lacked the requisite three qualifying convictions.  He also argues—despite his sentence-appeal waiver—that the district court erred when it applied a four-level enhancement under the Sentencing Guidelines, U.S.S.G. § 2K2.1(b)(6)(B), and when it engaged in impermissible "double counting" to enhance his sentence.  After careful review of the parties' briefs and the record, we affirm.

## I.

Under the Armed Career Criminal Act (ACCA), a convicted felon found guilty of possession of a firearm under § 922(g)(1) is subject to a mandatory minimum sentence of 15 years' imprisonment if he has at least three prior convictions for violent felonies committed on different occasions.  § 924(e)(1).  During sentencing in this case, the district court concluded that Turner qualified as an armed career criminal under § 924(e)(1) because he had at least three qualifying convictions.  Turner seeks to undermine the district court's conclusion by disputing the qualifications of his prior convictions listed in the Presentence Investigation Report (PSR).  Ultimately, he is unsuccessful; the district court did not err.

We review de novo both whether a conviction constitutes an ACCA violent felony, *United States v. Braun*, 801 F.3d 1301, 1303 (11th Cir. 2015), and whether

prior offenses meet the ACCA's different-occasions requirement, *United States v. Longoria*, 874 F.3d 1278, 1281 (11th Cir. 2017) (per curiam).

A violent felony includes "any crime punishable by imprisonment for a term exceeding one year . . . that . . . has as an element the use, attempted use, or threatened use of physical force against the person of another." § 924(e)(2)(B)(i). A conviction may qualify as an ACCA violent felony regardless of whether the government identified the conviction in the indictment. *See United States v. Deshazior*, 882 F.3d 1352, 1358 (11th Cir. 2018), *cert. denied*, 139 S. Ct. 1255 (2019). Further, a defendant cannot attack the validity of a prior state conviction that otherwise qualifies as a violent felony, unless the attack is based on a violation of his right to counsel. *Custis v. United States*, 511 U.S. 485, 487 (1994).

We have the luxury of standing on prior panels' shoulders as we decide whether each of Turner's prior convictions constitutes an ACCA violent felony. Based on our precedent,[1] Florida armed robbery is categorically a violent felony under the ACCA's elements clause. *United States v. Fritts*, 841 F.3d 937, 942–44 (11th Cir. 2016). So too is Florida attempted robbery. *United States v. Joyner*, 882 F.3d 1369, 1378–79 (11th Cir. 2018), *cert. denied*, 139 S. Ct. 1256 (2019); *see*

---

[1] "Under the well-established prior panel precedent rule of this Circuit, the holding of the first panel to address an issue is the law of this Circuit, thereby binding all subsequent panels unless and until the first panel's holding is overruled by the Court sitting en banc or by the Supreme Court." *Smith v. GTE Corp.*, 236 F.3d 1292, 1300 n.8 (11th Cir. 2001); *see also United States v. Lee*, 886 F.3d 1161, 1163 & n.3 (11th Cir. 2018) (per curiam), *petition for cert. filed*, (U.S. July 23, 2019) (No. 19-5331).

*also Lee*, 886 F.3d at 1163 n.1 (stating that "Florida strong-arm robbery, armed robbery, and attempted robbery are all treated the same for purposes of analyzing the ACCA's elements clause").  Turner's PSR indisputably listed three armed robberies and one attempted armed robbery, surpassing the three violent felonies required for ACCA purposes.

But identifying at least three violent felonies is not enough.  The defendant must also have committed the underlying crimes "on occasions different from one another."  § 924(e)(1).  Thus, the government must identify at least three "separate and distinct criminal episode[s]," indicated by differences in time and place.  *United States v. Sneed*, 600 F.3d 1326, 1329 (11th Cir. 2010) (internal quotation mark omitted).  Successive crimes constitute separate criminal episodes under the ACCA, but simultaneous crimes do not.  *Longoria*, 874 F.3d at 1281.

Here, the district court properly determined that Turner qualified as an armed career criminal.  According to the PSR, Turner had the following Florida convictions: (1) armed robbery, committed on May 2, 1995; (2) armed robbery, committed on May 4, 1995; (3) armed robbery, or armed kidnapping, committed on May 4, 1995; (4) aggravated battery with a deadly weapon, or attempted armed robbery, committed on May 11, 1995; and (5) aggravated battery with a deadly weapon, committed on June 11, 2010.  We count at least three violent felonies: Turner's three armed robberies and one attempted armed robbery. *See Fritts*, 841

F.3d at 942–44 (armed robbery); *Joyner*, 882 F.3d at 1378–79 (attempted robbery). And at least three of those crimes occurred during three separate criminal episodes: May 2, 1995; May 4, 1995; and May 11, 1995. *See Sneed*, 600 F.3d at 1329. Therefore, we conclude that at least[2] three convictions qualify Turner as an armed career criminal: (1) the May 2 armed robbery; (2) either of the two May 4 armed robberies; and (3) the May 11 attempted armed robbery.

But Turner attempts to poke several holes in his classification as an armed career criminal. First, he argues that we should not rely on his May 2 conviction for armed robbery because the government violated due process by effectively failing to notify him that that conviction would support a sentence enhancement. This argument is meritless because it rests on the fallacious premise that the government must identify a conviction in the indictment. *See Deshazior*, 882 F.3d at 1358.

As for his May 11 attempted armed robbery, Turner acknowledges his guilty plea but argues that the Fifth, Sixth, and Eighth Amendments preclude our reliance on that conviction because he can show evidence that he was in custody during the

---

[2] Given our analysis, we need not address the parties' arguments about (1) whether the May 4, 1995 convictions happened on different occasions; (2) whether the May 4, 1995 armed kidnapping qualifies as a violent felony; or (3) whether the June 11, 2010 aggravated battery with a deadly weapon qualifies as a violent felony.

5

crime's commission.  But such an attack on that conviction is futile because Turner does not allege a violation of his right to counsel.  *See Custis*, 511 U.S. at 487.

Thus, the district court properly sentenced Turner as an armed career criminal under the ACCA.

## II.

Turner also appeals his sentence because, he argues, the district court erred by applying a four-level enhancement under U.S.S.G. § 2K2.1(b)(6)(B) and by engaging in impermissible "double counting" to enhance his sentence.  The government seeks dismissal of Turner's § 2K2.1(b)(6)(B) and double-counting arguments because Turner knowingly and voluntarily waived his right to appeal his sentence on these bases.  Turner replies that his challenges trigger one of the four exceptions to the waiver because his sentence violates the Eighth Amendment.[3] We disagree; his challenges do not fit the exception and are thus barred by the waiver.

Turner's attacks on his sentence masquerade as Eighth Amendment challenges, but not well.  In his initial brief, Turner neither identifies nor discusses the Eighth Amendment as a basis for appeal.  Granted, in the "Summary of Argument" section, he makes a passing reference to how the district court's

---

[3] Turner does not dispute that he made the waiver knowingly and voluntarily or that the waiver was valid.

impermissible double counting led to "a constitutionally impermissible and excessive sentence." But no more is said about that. And even after the government argued that his waiver barred his § 2K2.1(b)(6)(B) and double-counting arguments, Turner replied with a major heading for those arguments that fails to reference the Eighth Amendment. At no point does he cite legal authority regarding the Eighth Amendment or analyze an Eighth Amendment issue. He assumes that superficially invoking the exception is enough. It is not. *Cf. Williams v. United States*, 396 F.3d 1340, 1342 (11th Cir. 2005) (holding that a sentence-appeal waiver precluded a defendant from circumventing the waiver "simply by recasting a challenge to his sentence . . . [and] thus rendering the waiver meaningless").

To entertain Turner's attempted work-around of his waiver is to deprive "the government of the benefit that it has bargained for and obtained in the plea agreement containing the . . . waiver." *See United States v. Buchanan*, 131 F.3d 1005, 1008 (11th Cir. 1997) (per curiam). This we will not do. We will enforce the waiver without requiring the government to brief the merits of Turner's § 2K2.1(b)(6)(B) and double-counting arguments on appeal. *See id.*

Accordingly, we affirm the sentence.

**AFFIRMED.**

7