PER CURIAM:
The Armed Career Criminal Act, 18 U.S.C. § 924(e), imposes a 15-year minimum sentence on a defendant who is convicted of violating 18 U.S.C. § 922(g) (possession of a firearm by a convicted felon) and has three prior convictions for a "violent felony" or "serious drug offense." The ACCA defines a "violent felony" as any crime punishable by imprisonment greater than one year that:
(i) has as an element the use, attempted use, or threatened use of physical force against the person of another [elements clause]; or
(ii) is burglary, arson, or extortion, involves use of explosives [enumerated clause], or otherwise involves conduct that presents a serious potential risk of physical injury to another [residual clause].
§ 924(e)(2)(B). In 2015, the Supreme Court held that the ACCA's residual clause was unconstitutionally vague. See Johnson v. United States , --- U.S. ----, 135 S.Ct. 2551, 2557-60, 192 L.Ed.2d 569 (2015). The following year, the Court held that Johnson applied retroactively on collateral review. See *1163 Welch v. United States , --- U.S. ----, 136 S.Ct. 1257, 1268, 194 L.Ed.2d 387 (2016).
Michael Lee was convicted in 2010 of being a felon in possession of a firearm and sentenced to 15 years in prison under the ACCA. In June of 2016, Mr. Lee filed a motion to vacate his criminal sentence under 28 U.S.C. § 2255 in light of Johnson and Welch . Mr. Lee argued that, because the residual clause could not be used to characterize a prior conviction as a violent felony, he no longer had three predicate violent felony or serious drug offense convictions. As a result, he did not qualify as an armed career criminal, and he could not be subject to an ACCA-enhanced sentence.
In August of 2016, the district court granted Mr. Lee's motion and vacated his 15-year sentence, and on October 5, 2016, it re-sentenced Mr. Lee to 85 months in prison. The government appealed, arguing that Mr. Lee's prior convictions still qualify as ACCA violent felonies.
I
Prior to his federal conviction in 2010, Mr. Lee had three convictions for Florida robbery (two in 1988 and one in 1999) and one conviction for the sale, purchase, or delivery of cocaine. In order for Mr. Lee to qualify as an armed career criminal, then, at least two of his Florida robbery convictions must qualify as violent felonies.[1]
Because the ACCA's residual clause is no longer valid, and robbery is not an enumerated offense, Florida robbery must qualify under the ACCA's "elements clause" in order for it to be a violent felony. That, in turn, requires Florida robbery to have "the use, attempted use, or threatened use of physical force" as an element of the crime. See § 924(e)(2)(B)(i). Mr. Lee argues that (1) Florida robbery does not satisfy this test, and, therefore, is never a violent felony; and (2) pre-1997 Florida robbery convictions do not satisfy this test, even if later ones do.[2]
The district court agreed with the second of these arguments. It concluded that at least two of Mr. Lee's Florida robbery convictions did not constitute violent felonies, and accordingly vacated Mr. Lee's ACCA-enhanced sentence.
II
Unfortunately for Mr. Lee, both of his arguments are now foreclosed by our precedents, and we are therefore required to reverse the district court's vacatur of his 15-year ACCA sentence. Under our prior panel precedent rule, "the holding of the first panel to address an issue is the law of this Circuit, thereby binding all subsequent panels unless and until the first panel's holding is overruled by the Court sitting en banc or by the Supreme Court." Smith v. GTE Corp. , 236 F.3d 1292, 1300 n.8 (11th Cir. 2001).[3]
*1164 In 2006, we held, albeit in a single sentence unsupported by any legal analysis, that Florida robbery is "undeniably ... a violent felony," and in so doing we cited to the ACCA's elements clause. See United States v. Dowd , 451 F.3d 1244, 1255 (11th Cir. 2006) (involving a 1974/pre- Robinson robbery conviction). In 2011, we held that Florida robbery qualified as a crime of violence under the elements clause of § 4B1.2(a)(1) of the Sentencing Guidelines. See United States v. Lockley , 632 F.3d 1238, 1245 (11th Cir. 2011). As in Dowd , our discussion of the elements clause in Lockley was brief and conclusory, and the panel did not analyze Florida case law. See id . at 1244 (stating "we can conceive of no means by which a defendant could cause such fear absent a threat to the victim's person"). Unlike Dowd , Lockley involved a 2001/post- Robinson robbery conviction.[4]
Mr. Lee argues that Dowd is no longer good law. He contends that later Supreme Court cases have provided a detailed analytical framework for courts to use in determining whether a particular state conviction qualifies as a violent felony. See Curtis Johnson v. United States , 559 U.S. 133, 130 S.Ct. 1265, 176 L.Ed.2d 1 (2010) ; Moncrieffe v. Holder , 569 U.S. 184, 133 S.Ct. 1678, 185 L.Ed.2d 727 (2013) ; Descamps v. United States , 570 U.S. 254, 133 S.Ct. 2276, 186 L.Ed.2d 438 (2013) ; Mathis v. United States , --- U.S. ----, 136 S.Ct. 2243, 195 L.Ed.2d 604 (2016). Because Dowd pre-dated these cases, and because the panel in Dowd performed no legal analysis whatsoever, much less the analysis he says is commanded by the Supreme Court, Mr. Lee argues that the holding in Dowd has been abrogated. Mr. Lee also asserts that pre- Robinson convictions for Florida robbery do not qualify as violent felonies, which would mean, in his case, that Lockley does not bind us.
Mr. Lee's arguments have some force. See, e.g., United States v. Seabrooks , 839 F.3d 1326, 1346-52 (11th Cir. 2016) (Martin, J. concurring in the judgment). Were we free to evaluate them anew, we might well agree with him. But we have recently rejected both of Mr. Lee's arguments.
In October of 2016, two months after the district court vacated Mr. Lee's sentence (and subsequent to each of the Supreme Court cases cited by Mr. Lee), we held in Seabrooks that Lockley remained binding precedent, and that a post- Robinson conviction for Florida robbery remained a violent felony under the ACCA's elements clause. See id . at 1338. The Seabrooks panel disagreed about whether Dowd remained binding precedent, and about whether pre- Robinson Florida robbery convictions qualified as convictions for a violent felony. See id . at 1346 (Baldock, J. concurring in part and concurring in the judgment), and 1346-52 (Martin, J. concurring in the judgment).
One month later, however, we held that Dowd remained binding precedent, and that pre- Robinson Florida robbery convictions were predicate ACCA violent felonies. See United States v. Fritts , 841 F.3d 937, 940-44 (11th Cir. 2016). Thus, subsequent to the Supreme Court cases referenced *1165 by Mr. Lee, we have held that both Dowd and Lockley remain binding precedent. See Seabrooks , 839 F.3d at 1338 ; Fritts , 841 F.3d at 940-42. Both of Mr. Lee's arguments are therefore foreclosed.
III
Given Seabrooks and Fritts -both of which were decided after the district court's ruling in this case-we are not free to evaluate the substantive correctness, or current viability, of Dowd and Lockley , and we remain bound to follow both of them. We therefore vacate Mr. Lee's 85-month sentence and remand with instructions that the district court re-instate Mr. Lee's original 15-year sentence.
VACATED AND REMANDED WITH INSTRUCTIONS.

Because Florida strong-arm robbery, armed robbery, and attempted robbery are all treated the same for purposes of analyzing the ACCA's elements clause, we do not distinguish between them.

Prior to 1997, Florida's intermediate appellate courts were divided on whether a snatching, as of a purse from a person's hand, or jewelry from a person's body, amounted to robbery or was simple theft. See United States v. Welch , 683 F.3d 1304, 1311-12 (11th Cir. 2012). In 1997, the Florida Supreme Court clarified that "in order for the snatching of property from another to amount to robbery, the perpetrator must employ more than the force necessary to remove the property from the person. Rather, there must be resistance by the victim that is overcome by the physical force of the offender." Robinson v. State , 692 So.2d 883, 886 (Fla. 1997).

It does not matter whether a prior case was wrongly decided, see United States v. Steele , 147 F.3d 1316, 1318 (11th Cir. 1998) (en banc) ("a panel cannot overrule a prior one's holding even though convinced it is wrong"); whether it failed to consider certain critical issues or arguments, see Tippitt v. Reliance Standard Life Ins. Co. , 457 F.3d 1227, 1234 (11th Cir. 2006) ("a prior panel precedent cannot be circumvented or ignored on the basis of arguments not made to or considered by the panel"); or whether it lacked adequate legal analysis to support its conclusions, see Smith , 236 F.3d at 1303 (stating that a prior panel decision cannot be avoided even if there are significant defects in legal reasoning or analysis).

We apply the same analytical framework to the ACCA as we do to the similar career offender provisions of the Sentencing Guidelines. See United States v. Palomino Garcia , 606 F.3d 1317, 1328 (11th Cir. 2010).