[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 18-10030
Non-Argument Calendar

_____

D.C. Docket No. 8:17-cr-00381-SCB-JSS-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

GERALD PATMON,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(October 5, 2018)

Before WILSON, ROSENBAUM, and JULIE CARNES, Circuit Judges.

PER CURIAM:

Gerald Patmon appeals his sentence of 90 months of imprisonment after

pleading guilty to possession of a firearm by a convicted felon, in violation of 18

U.S.C. § 922(g)(1).  In calculating Patmon's guideline range, the district court applied an enhanced base offense level under § 2K2.1(a)(2) of the Sentencing Guidelines, based on prior convictions for a crime of violence (Georgia aggravated assault) and a controlled-substance offense (Florida delivery of cannabis).  Patmon argues that his Georgia aggravated-assault conviction does not qualify as a crime of violence for purposes of this enhancement.  He concedes that this argument is foreclosed by our decision in *United States v. Morales-Alonso*, 878 F.3d 1311 (11th Cir. 2018), but he believes that *Morales-Alonso* was wrongly decided and wishes to preserve the issue for further review.

We review *de novo* whether a defendant's prior conviction qualifies as a crime of violence under the Sentencing Guidelines.  *United States v. Palomino Garcia*, 606 F.3d 1317, 1326 (11th Cir. 2010).

Under § 2K2.1, the guideline covering gun-possession offenses, an enhanced base offense level of 24 applies if the defendant has at least two prior felony convictions for either a crime of violence or a controlled-substance offense.  U.S.S.G. § 2K2.1(a)(2).  Section 2K2.1 takes its definition of "crime of violence" from § 4B1.2, *id.* § 2K2.1, cmt. n.1, which defines the term as an offense that either (1) "has as an element the use, attempted use, or threatened use of physical force against the person of another" (the "elements" clause), or (2) is one of several

2

listed offenses, including "aggravated assault" (the "enumerated-offenses" clause).

U.S.S.G. § 4B1.2(a).

When Patmon was convicted of aggravated assault in 2014, Georgia law

defined the crime as an "assault" committed

> (1) With intent to murder, to rape, or to rob;
>
> (2) With a deadly weapon or with any object, device, or instrument which, when used offensively against a person, is likely to or actually does result in serious bodily injury;
>
> (3) With any object, device, or instrument which, when used offensively against a person, is likely to or actually does result in strangulation; or
>
> (4) [Against a] person or persons without legal justification by discharging a firearm from within a motor vehicle toward a person or persons.

O.C.G.A. § 16-15-21(a).[1]

We have held that this statute is "divisible"—that is, it defines multiple

crimes by listing elements in the alternative—meaning courts can look to certain

judicial records, known as *Shepard* documents,[2] to determine which of the four

aggravators Patmon committed.    *See Morales-Alonso*, 878 F.3d at 1316

---

[1] For the sake of consistency, we cite to the current version of the statute, which is substantively identical to the 2014 version.  The difference is that the four aggravators under the 2014 version were found in subsection (b), rather than subsection (a).  That marked a change from the pre-2014 version of the statute, which listed the aggravators under subsection (a).  In 2017, the statute was amended to again list the aggravators under subsection (a).  For consistency with the pre-2014 and post-2017 versions of the statute, then, we cite to the aggravators as if they were listed under subsection (a).

[2] *Shepard v. United States*, 544 U.S. 13 (2005).

3

("O.C.G.A. § 16-5-21(a) clearly is divisible as to the aggravator component of the statute."). Patmon concedes that he was convicted of aggravated assault with a deadly or dangerous object under § 16-5-21(a)(2).

In Patmon's view, a conviction under § 16-5-21(a)(2) does not qualify as a crime of violence under either the elements clause or the enumerated-offenses clause. He asserts that § 16-5-21(a)(2) fails under the elements clause because a defendant can be convicted without proof of intent to use, threaten, or attempt to use physical force. Rather, all the state must prove is that the defendant intended the acts that caused another to reasonably apprehend violent injury. It also fails under the enumerated-offenses clause, according to Patmon, because both the *mens rea* element and the "deadly object" element are broader than the generic version of aggravated assault.

As Patmon acknowledges, however, his challenge fails in light of *Morales-Alonso*. In that case, we addressed whether Georgia aggravated assault qualified as a crime of violence under U.S.S.G. § 2L1.2, which, like § 4B1.2, defines the term in part by listing several offenses, including "aggravated assault." *Morales-Alonso*, 878 F.3d at 1314–15. *Compare* U.S.S.G. § 2L1.2, cmt. n.1(B)(iii), *with* U.S.S.G. § 4B1.2(a)(2). We explained that "a conviction only constitutes a crime of violence under the enumerated offenses clause . . . if the elements of the statute

of conviction are the same as, or narrower than, the generic version of the enumerated offense." *Morales-Alonso*, 878 F.3d at 1315.

Undertaking that analysis, we first determined that generic aggravated assault had two elements: (1) a "criminal assault" that (2) is "accompanied by either 'the intent to cause serious bodily injury to the victim or the use of a deadly weapon.'" *Id.* (quoting *Palomino Garcia*, 606 F.3d at 1332). We then turned to Georgia's aggravated-assault statute, concluding that the "aggravator component" of § 16-5-21(a) is "divisible." *Id.* at 1316. We therefore applied the modified categorical approach and determined that Morales-Alonso was convicted of aggravated assault with a deadly object under § 16-5-21(a)(2). *Id.* at 1316–17.

We then compared the elements of aggravated assault with a deadly object under § 16-5-21(a)(2) with generic aggravated assault, holding that subsection (a)(2) contains substantially the same elements as generic aggravated assault. *Id.* at 1317–20. We found that § 16-5-21(a)(2), like generic aggravated assault, required proof of an assault accompanied by the use of a deadly weapon. *Id.* at 1318. And we rejected Morales-Alonso's argument that the "deadly object" element of the Georgia statute was broader than the generic version. *Id.* at 1319. We explained that the statute did not plausibly "encompass[] the use of an object that happens to cause injury in a particular case, regardless of the manner in which the object is used and even if injury is unlikely." *Id.* Concluding that the elements

of § 16-5-21(a)(2) sufficiently matched the elements of generic aggravated assault, we held that a conviction under § 16-5-21(a)(2) qualifies as a crime of violence under the enumerated-offenses clause. *Id.* at 1320.

Though *Morales-Alonso* concerned § 2L1.2 of the Sentencing Guidelines, its analysis extends to § 4B1.2. This is so because both § 2L1.2 and § 4B1.2 define "crime of violence" by listing the generic offense of "aggravated assault." *See United States v. Lockley*, 632 F.3d 1238, 1242 (11th Cir. 2011) ("Where . . . the Guidelines specifically designate a certain offense as a 'crime of violence,' we compare the elements of the crime of conviction to the generic form of the offense . . . ."). Thus, our determination in *Morales-Alonso* that Georgia aggravated assault under § 16-5-21(a)(2) qualifies as a "crime of violence" under § 2L1.2 means that it also qualifies as a "crime of violence" under § 4B1.2. And because it qualifies as a crime of violence under § 4B1.2, the district court properly relied on Patmon's conviction under § 16-5-21(a)(2) to apply the enhanced base offense level under § 2K2.1(a)(2).

Patmon argues that *Morales-Alonso* was wrongly decided, but, as he acknowledges, we are bound by that decision here. *See United States v. Vega-Castillo*, 540 F.3d 1235, 1236 (11th Cir. 2008) (prior panel decisions are binding unless and until they are overruled by the Supreme Court or this Court *en banc*). The fact that *Morales-Alonso* did not address his argument that the *mens rea*

element is overbroad does not change its binding nature. *See United States v. Lee*, 886 F.3d 1161, 1163 n.3 (11th Cir. 2018) ("It does not matter whether a prior case was wrongly decided; whether it failed to consider certain critical issues or arguments; or whether it lacked adequate legal analysis to support its conclusions.").

In sum, Patmon's Georgia aggravated-assault conviction under O.C.G.A. § 16-5-21(a)(2) qualifies as a crime of violence under § 4B1.2's enumerated-offenses clause. This conviction, along with his prior conviction for delivery of cocaine, which he does not dispute is a controlled-substance offense, supported the district court's application of the enhanced base offense level under § 2K2.1(a)(2). Therefore, we need not and do not address whether § 16-5-21(a)(2) qualifies under the elements clause. We affirm Patmon's sentence.

**AFFIRMED.**