[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-12620
Non-Argument Calendar
_____

D.C. Docket No. 4:17-cr-00014-MW-CAS-1


UNITED STATES OF AMERICA,

                                        Plaintiff - Appellee,

versus

DAYTON MICHAEL CRAMER,

                                        Defendant - Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(October 3, 2019)

Before WILSON, WILLIAM PRYOR, and GRANT, Circuit Judges.

PER CURIAM:

Dayton Michael Cramer appeals his conviction for attempted enticement of a minor to engage in sexual activity, in violation of 18 U.S.C. § 2422(b).  Cramer argues the district court erred in denying his motions for judgment of acquittal because his conviction was based on insufficient evidence.  He also claims his conduct did not violate § 2422(b) as interpreted by the United States Court of Appeals for the District of Columbia Circuit.  After careful review of the parties' briefs and the record, we affirm.

## I.

We review de novo a denial of a motion for judgment of acquittal on sufficiency of the evidence grounds, viewing the evidence in the light most favorable to the government and resolving all reasonable inferences and credibility evaluations in the government's favor.  *United States v. Capers*, 708 F.3d 1286, 1296 (11th Cir. 2013).  We need not rule out every hypothesis of innocence because the "jury is free to choose among reasonable constructions of the evidence."  *United States v. Peters*, 403 F.3d 1263, 1268 (11th Cir. 2005).  The jury's verdict must be affirmed unless no reasonable trier of fact could have reached a conclusion of guilt beyond a reasonable doubt.  *See United States v. Foster*, 878 F.3d 1297, 1304 (11th Cir. 2018).

A conviction under § 2422(b) for attempting to induce a minor to engage in sexual activities requires the government to prove the defendant "(1) had the

specific intent to induce a minor to engage in sexual activity, and (2) took a substantial step toward the commission of that offense." *United States v. Stahlman*, No. 17-14387, slip op. at 47 (11th Cir. Aug. 19, 2019). "The statute criminalizes an intentional attempt to achieve a *mental* state—a minor's assent." *United States v. Van Buren Lee*, 603 F.3d 904, 914 (11th Cir. 2010) (emphasis in original) (internal quotation mark omitted). A defendant can be convicted under § 2422(b) even if he attempted to exploit a fictitious minor and communicated only with an adult intermediary. *United States v. Gillis*, No. 16-16482, slip op. at 9–10 (11th Cir. Sept. 13, 2019) (per curiam).

Cramer argues the evidence failed to establish either element because he never had contact with the fictional minor, Paisley; he traveled to meet only Paisley's purported stepmother; and he did not bring any items or gifts indicating he intended to meet or have sex with Paisley. Cramer also claims he unequivocally abandoned his plans to meet Paisley.

Based on the evidence presented at trial, a reasonable jury could have found that Cramer had the requisite intent. With regard to intent, "the government must prove that the defendant intended to *cause assent* on the part of the minor, not that he acted with the specific intent to engage in sexual activity." *See Van Buren Lee*, 603 F.3d at 914 (emphasis added) (internal quotation mark omitted). Cramer initiated an online conversation with a person he believed to be the stepmother of a

3

minor after reading a post on Craigslist warning that a stepmother was seeking an older man to give her 13-year-old stepdaughter some "experience." The ensuing conversation demonstrates that Cramer intended to cause Paisley's assent: Cramer asked what the stepmother wanted him to teach Paisley, whether Paisley was a virgin, and whether Paisley wanted to learn. He said he needed to know that Paisley wanted to do the things that the stepmother wanted her to learn. He said he would not hurt Paisley and did not want to surprise her. And he said he did not have a problem with the fact that Paisley was 13, claiming he had previously engaged in sexual activity with teens.

Cramer also sent a picture of himself for the stepmother to show Paisley and then followed up with an explicit picture of his genitalia. He gave a detailed and explicit account of what he intended to do with Paisley, claiming he would go slow, give her a massage to help her relax, gradually move to sexual activity, and stop at any point if she wanted to stop. Finally, Cramer discussed potential meeting times with the stepmother.

Although Cramer ultimately backed out of meeting Paisley, sufficient evidence demonstrated his decision stemmed from his fear that the stepmother was associated with law enforcement, not from a change of heart about pursuing Paisley's assent to sexual activity. Indeed, Cramer repeatedly asked for assurances that the stepmother was not associated with law enforcement, claiming that was his

4

"only reluctance in the matter." He ultimately agreed to meet the stepmother so she could prove she was not associated with law enforcement. Cramer's decision to meet the stepmother corroborates his criminal intent because he would not have had reason to fear her association with law enforcement unless he intended to pursue Paisley's assent to sexual activity. *See Van Buren Lee*, 603 F.3d at 915 (noting defendant's concern over whether a purported mother of two minor daughters was part of a sting operation helped demonstrate his criminal intent under § 2422(b)). Therefore, the record contains ample evidence that Cramer intended to induce Paisley's assent to sexual activity with him.

A reasonable jury also could have found that Cramer took a substantial step toward causing Paisley's assent to engage in sexual activity with him. A substantial step is an objective act that marks the defendant's conduct as criminal such that his actions as a whole strongly corroborate the required culpability. *United States v. Murrell*, 368 F.3d 1283, 1288 (11th Cir. 2004). In the context of § 2422(b), "the government must prove that the defendant took a substantial step toward causing assent, not toward causing actual sexual contact." *Van Buren Lee*, 603 F.3d at 914. We must evaluate the totality of Cramer's conduct to determine whether the record supports that he took a substantial step toward inducing a minor to engage in sexual conduct. *Id.* at 916; *United States v. Yost*, 479 F.3d 815, 820 (11th Cir. 2007) (per curiam).

5

The totality of Cramer's conduct demonstrates he took a substantial step toward inducing Paisley's assent to sexual activity, including his communications with the stepmother, the photographs he sent, his detailed description of the sexual acts he planned to do with Paisley, his efforts to arrange a meeting, and his repeated concerns about law enforcement. Further, despite backing out of meeting Paisley, Cramer traveled to an arranged meeting spot to meet the stepmother and ensure she was not part of a sting operation.

This court recently held that a defendant's travel to meet an intermediary to ensure he was not affiliated with law enforcement constituted a substantial step toward inducing a minor to engage in sexual activity. *See Gillis*, slip op. at 5, 10. In *Gillis*, the defendant backed out of a planned meeting with a purported father and his fictional daughter in part because he was concerned it was a sting operation. *See id.* at 5. The father assured the defendant it was not, and they planned another meeting so they could show each other they were "real" before going back to the father's house to meet the daughter. *Id.* We found the defendant took a substantial step toward inducing a minor's assent to sexual activity when he drove to meet the father. *Id.* at 10.

Although Cramer and the stepmother did not prearrange a meeting with Paisley the same day as their meeting, that is a distinction without difference because "our precedent and the precedents of many of our sister circuits hold that

[§] 2422(b) prohibits attempts to cause minors to agree to engage in illegal sexual conduct, not attempts to engage in illegal sexual conduct with minors." *Van Buren Lee*, 603 F.3d at 916.  Regardless of whether Cramer anticipated seeing Paisley or engaging in sexual conduct with her the day of the arranged meeting, a reasonable jury could have concluded that he crossed the line from mere "talk" to attempted inducement when he drove to meet the stepmother. *See Gillis*, slip op. at 10; *Yost*, 479 F.3d at 820.  Indeed, it is difficult to imagine why Cramer would have arranged a meeting with the stepmother to ensure she was not affiliated with law enforcement unless he intended to continue pursuing Paisley's assent to sexual activity.  Therefore, sufficient evidence supports Cramer's conviction.

## II.

Cramer also asks us to endorse the United States Court of Appeals for the District of Columbia Circuit's interpretation of § 2422(b) that communications with an adult intermediary to persuade, induce, entice, or coerce a minor are punishable only if "the defendant's interaction with the intermediary is aimed at transforming or overcoming the minor's will in favor of engaging in illegal sexual activity." *See United States v. Hite*, 769 F.3d 1154, 1160 (D.C. Cir. 2014).  But this court has already rejected that interpretation of § 2422(b). *See Murrell*, 368 F.3d at 1287.

In *Murrell*, we considered the meaning of the term "induce" for purposes of § 2422 when deciding whether a defendant could be convicted for inducing a minor to engage in illegal sex acts by communicating only through an adult intermediary. *See* 368 F.3d at 1287. Our court acknowledged "induce" could mean "'to lead or move by influence or persuasion; to prevail upon,' or alternatively, 'to stimulate the occurrence of; cause.'" *Id.* (alterations accepted) (quoting *The Am. Heritage Dictionary of the English Language* 671 (William Morris ed., 1st ed. 1981)). We endorsed the latter definition because the former would essentially render the term "persuade" superfluous. *See id.* Therefore, our binding precedent[1] forecloses a reading of the statute that would make interactions with an adult intermediary punishable only if such interactions were aimed at transforming or overcoming the minor's will in favor of sexual activity.

Accordingly, we affirm Cramer's conviction.

---

[1] Under this court's prior panel precedent rule, a prior panel's holding is binding on all subsequent panels unless and until it is overruled by the Supreme Court or by this court sitting en banc. *United States v. Michael Lee*, 886 F.3d 1161, 1163 (11th Cir. 2018), *petition for cert. filed*, (U.S. July 23, 2019) (No. 19-5331).