[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No.  19-12453
Non-Argument Calendar
_____

Agency No. A089-233-096

NINOSKA GAVARRETE-SERRANO,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petitions for Review of a Decision of the
Board of Immigration Appeals
_____

(January 14, 2020)

Before WILSON, ANDERSON, and JULIE CARNES, Circuit Judges.

PER CURIAM:

Petitioner Ninoska Gavarrete-Serrano, a native and citizen of Honduras who

was ordered removed after failing to appear for her immigration-court hearing in

September 2010, seeks review of the Board of Immigration Appeals' ("BIA") order denying her July 2018 motion to reopen her removal proceedings. On appeal, the Government has moved for summary disposition of the petition. We agree that summary denial is appropriate. Accordingly, we grant the Government's motion for summary disposition and deny the petition.

## I.    BACKGROUND

Petitioner illegally entered the United States in 2007. In June 2010, the Department of Homeland Security ("DHS") personally served a Notice to Appear ("NTA") on Petitioner, charging her as removable under 8 U.S.C. § 1182(a)(6)(A)(i). The NTA identified a Florida mailing address for Petitioner and stated that the date and time for her appearance before an immigration judge ("IJ") were "to be set." By signing the certificate of service, Petitioner acknowledged that the notice of hearing would be sent to the address kept on file with the immigration court, that she had an obligation to provide a current address and immediately inform the court of any change of address, that failure to satisfy this obligation would relieve the Government of its obligation to provide hearing notice, and that she would be order removed if she failed to attend her hearing.[1]

---

[1] An NTA must explain an alien's obligation to "provide the Attorney General immediately with a written record of any change of the alien's address or telephone number" and the consequence of failing to do so, 8 U.S.C. § 1229(a)(1)(F)(ii), (iii), namely, that a notice of hearing sent to the most recent address provided by the alien is deemed sufficient for purposes of removing an alien who fails to appear, *id.* § 1229a(b)(5)(A).

2

In July 2010, agency officials mailed Petitioner a "Notice of Hearing in Removal Proceedings," which stated that her immigration-court hearing would occur on September 7, 2010 at 9:00 a.m.  Petitioner failed to appear at the hearing, however, and, after the DHS submitted documentary evidence, the immigration court found that removability had been established and that Petitioner had abandoned any possible applications for relief.  Accordingly, the court issued an order of removal *in absentia*, ordering Petitioner removed to Honduras.[2]

Petitioner did not appeal this ruling.  Instead, in August 2016, almost six years later, she moved to reopen her immigration proceedings so she could apply for a 601A Provisional Waiver[3] and adjustment of status based on her spouse's and children's U.S. citizenship.  Petitioner claimed that she did not appear for her immigration-court hearing because she never received a notice of the hearing date.[4] To defeat the presumption of effective service by mail, Petitioner submitted an affidavit stating that she had "constantly check[ed] the mail" before moving to

---

[2]  An alien who fails to appear for her hearing "shall be ordered removed in absentia" upon proof that adequate written notice of the hearing was provided and that the alien is removable.  8 U.S.C. § 1229a(b)(5)(A).

[3]  *See* 8 U.S.C. § 1182(a)(9)(B)(v) (granting the Attorney General sole discretion to waive the periods of inadmissibility following certain aliens' departure or removal from the United States if the alien "is the spouse or son or daughter of a United States citizen" and "refusal of admission to such immigrant alien would result in extreme hardship to the citizen or lawfully resident spouse or parent of such alien").

[4]  An *in absentia* removal order may be rescinded "upon a motion to reopen filed at any time if the alien demonstrates that the alien did not receive notice."  8 U.S.C. § 1229a(b)(5)(C)(ii).

3

Michigan with her husband and that, although she had "call[ed] back to the house in Florida," the family she had lived with denied receiving anything and might have thrown out the hearing notice.

The Immigration Judge ("IJ") denied Petitioner's motion.  After noting that the U.S. Postal Service had not returned the notice of hearing, which the immigration court had sent to Petitioner's Florida address, the IJ found that Petitioner's motion was untimely and that she was ineligible for equitable tolling. In particular, the IJ found that Petitioner's nearly six-year delay exhibited a lack of diligence, and that exceptional circumstances beyond her control had not caused her failure to appear because she should have updated her mailing address when she moved to Michigan.

Petitioner appealed the IJ's decision to the BIA, which dismissed the appeal in December 2016.  The BIA reasoned that Petitioner either received notice of the hearing, which was deemed sufficient because it was sent to the address listed on her NTA, or was precluded from claiming that she did not receive notice, because she failed to satisfy her obligation to file a change of address with the immigration court.[5]  The BIA also agreed with the IJ that Petitioner's motion was untimely and that she had not shown diligence or exceptional circumstances beyond her control.

---

[5] Written notice is considered sufficient if sent to the most recent address provided by the alien, 8 U.S.C. § 1229a(b)(5)(A), and no written notice is required if an alien failed to provide a current address, *id.* § 1229a(b)(5)(B).

Petitioner sought review of the BIA's decision in this Court, but we *sua sponte* dismissed the petition for lack of jurisdiction because it was untimely.

In July 2018, Petitioner moved the BIA to terminate her removal proceedings or, in the alternative, to remand her proceedings to the IJ to consider whether she was entitled to cancellation of removal. This time, she contended that, in light of *Pereira v. Sessions*, 138 S. Ct. 2105 (2018), the immigration court never had jurisdiction over her case because her NTA was legally deficient in that it lacked a time and date for her hearing. She also argued that, under *Pereira*, she was eligible to apply for cancellation of removal. In an attached application for cancellation of removal, Petitioner claimed that she was entitled to relief because her spouse and children were U.S. citizens.[6]

The BIA construed Petitioner's request as a second motion to reopen the proceedings and denied the motion on multiple grounds. First, the BIA concluded that the Petitioners motion, which she filed nearly eight years after the IJ entered the *in absentia* removal order, was untimely. Second, it rejected Petitioners argument that, under *Pereira*, the NTA's failure to specify the date and time of the hearing deprived the IJ of jurisdiction to enter an order of removal. Finally, the

---

[6] 8 U.S.C. § 1229b(b)(1) (providing that the Attorney General has discretion to cancel removal of an alien who is inadmissible or deportable if, among other things, the alien "has been physically present in the United States for a continuous period of not less than 10 years," and "establishes that removal would result in exceptional and extremely unusual hardship to the alien's spouse, parent, or child, who is a citizen of the United States").

BIA reiterated its prior ruling that Petitioner either received or was not entitled to receive notice of the IJ hearing and had abandoned her opportunity to apply for relief because she did not appear at the hearing.

Petitioner timely petitioned this Court for review.  On appeal, the Government has moved for summary denial of the petition.

## II.    STANDARDS OF REVIEW

Summary disposition is appropriate where "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case, or where, as is more frequently the case, the appeal is frivolous."  *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969). We review the BIA's denial of a motion to reopen for an abuse of discretion, and any underlying legal determinations *de novo*.  *Li v. U.S. Att'y Gen.*, 488 F.3d 1371, 1374 (11th Cir. 2007).  Our review is limited to determining whether the BIA exercised its discretion in an "arbitrary or capricious" manner.  *Ali v. U.S. Atty. Gen.*, 443 F.3d 804, 808 (11th Cir. 2006) (quotation marks omitted).  Motions to reopen are particularly disfavored in removal proceedings.  *Id.*

## III.    DISCUSSION

Relying on the Supreme Court's decision in *Pereira v. Sessions*, 138 S. Ct. 2105 (2018), Petitioner contends that the BIA abused its discretion in denying her motion to reopen her removal proceedings for three reasons.  First, she argues that

6

the motion was timely filed within 180 days of *Pereira*'s issuance.  Second, she

argues that, under *Pereira*, the IJ lacked jurisdiction to enter an *in absentia*

removal order because the NTA failed to specify the date and time of her IJ

hearing.  Finally, she argues that *Pereira* establishes her eligibility to apply for

cancellation of removal because the deficient NTA did not stop her period of

continuous physical presence.  We agree with the Government that these

arguments lack merit, that there is "no substantial question as to the outcome of the

case," and thus that summary denial is warranted.  *Groendyke Transp.*, 406 F.2d at

1162.

 For starters, the BIA was undoubtedly correct that Petitioner 's motion to

reopen was untimely.  A motion to reopen proceedings after an IJ enters an *in*

*absentia* removal order must be "filed within 180 days after the date of the order of

removal."  8 U.S.C. § 1229a(b)(5)(C)(i).[7]  Petitioner, however, filed her July 2018

motion nearly *eight years* after the IJ entered its September 2010 order of removal.

While Petitioner contends that the issuance of *Pereira* triggered a new 180-day

period, she has not identified any authority supporting that proposition.  This is

---

[7]  Although a separate provision allows an alien to file such a motion "at any time" if the alien demonstrates that "the alien did not receive notice" or "the alien was in Federal or State custody and the failure to appear was through no fault of the alien," 8 U.S.C. § 1229a(b)(5)(C)(ii), Petitioner does not contend that her 2018 motion to reopen was timely under that provision.

unsurprising, as Petitioner's argument conflicts with the clear statutory language, which measures the 180-day period from "the order of removal" itself. *Id.*

Petitioner's second argument—that, under *Pereira*, the IJ lacked jurisdiction due to a deficient NTA—is foreclosed by our precedent. By way of background, certain inadmissible or deportable aliens are eligible for discretionary cancellation of removal if they have "been physically present in the United States for a continuous period of not less than 10 years." 8 U.S.C. § 1229b(b)(1). Under what is known as the "stop-time rule," however, the period of continuous physical presence ends "when the alien is served a notice to appear under section 1229(a)." *Id.* § 1229b(d)(1); *Pereira*, 138 S. Ct. at 2109. Section 1229(a), in turn, provides that a notice to appear must specify, among other things, "[t]he time and place at which the proceedings will be held." 8 U.S.C. § 1229(a)(1)(G)(i).

In *Pereira*, the Supreme Court considered whether "a 'notice to appear' that does not specify the 'time and place at which the proceedings will be held,' as required by § 1229(a)(1)(G)(i), trigger[s] the stop-time rule." *Pereira*, 138 S. Ct. at 2113. The Court concluded that it did not. *Id.* at 2113–14. Relying on the statute's plain language, the Court held that "[a] putative notice to appear that fails to designate the specific time or place of the noncitizen's removal proceedings is not a 'notice to appear under section 1229(a),' and so does not trigger the stop-time rule." *Id.*

8

Following *Pereira*, we considered an argument indistinguishable from Petitioner's in *Perez-Sanchez v. U.S. Att'y Gen.*, 935 F.3d 1148 (11th Cir. 2019). There, relying on *Pereira*, the petitioner argued that "the immigration judge ('IJ') never had jurisdiction over his removal case because the Department of Homeland Security ('DHS') issued him an NTA that did not include either the time or date of his removal hearing." *Id.* at 1150. We rejected the petitioner's argument, concluding that, because § 1229(a)(1) set out a claim-processing rule rather than a jurisdictional one, a "deficient NTA [does] not deprive the agency of jurisdiction over [an alien's] removal proceedings." *Id.*

Here, *Perez-Sanchez* squarely forecloses Petitioner's jurisdictional argument. Despite Petitioner's contention that *Perez-Sanchez* was wrongly decided, we are bound by our prior precedent until the Supreme Court or an *en banc* panel of this Court overrules it. *United States v. Lee*, 886 F.3d 1161, 1163 (11th Cir. 2018). Accordingly, the BIA did not abuse its discretion in denying Petitioner's motion to reopen on this ground.

Finally, we discern no abuse of discretion in the BIA's determination that Petitioner's potential eligibility for cancellation of removal did not provide a basis for reopening the proceedings. As the BIA correctly observed, Petitioner abandoned her opportunity to apply for relief from removal when she failed to appear at her hearing. *See* 8 U.S.C. § 1229a(b)(5)(A) (providing that an alien who

9

fails to appear for her hearing "shall be ordered removed in absentia"). *Pereira*'s holding that a deficient NTA does not trigger the stop-time rule for calculating continuous physical presence has no bearing on whether or why Petitioner failed to appear for her hearing, and thus does not undermine the agency's basis for ordering her removed *in absentia*.

Because there is no "substantial question as to the outcome of the case," the Government is entitled to summary denial of the petition. *Groendyke Transp.*, 406 F.2d at 1162.

## IV.    CONCLUSION

The Government's motion for summary disposition is **GRANTED**.

**PETITION DENIED.**