[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 24-10445

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

EDVIN ANTONIO JIMENEZ MARIN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:23-cr-00233-SDM-NHA-1

_____

Before JORDAN, ABUDU, and KIDD, Circuit Judges.

PER CURIAM:

Edvin Antonio Jimenez Marin appeals his convictions for conspiracy to possess with intent to distribute marijuana aboard a vessel subject to the jurisdiction of the United States and possession with intent to distribute marijuana aboard a vessel subject to the jurisdiction of the United States. 46 U.S.C. §§ 70503(a), 70506(a) & (b); 18 U.S.C. § 2; 21 U.S.C. § 960(b)(1)(G). On appeal, Marin argues that the district court lacked jurisdiction over his case because the federal government lacks authority to prosecute felonies committed on the high seas under the Maritime Drug Law Enforcement Act ("MDLEA"), as the MDLEA does not extend to conduct that occurs in foreign nations' exclusive economic zones ("EEZs"). Marin concedes his argument is foreclosed by binding authority but presents it in order to seek further review. After careful review, we affirm.

We review questions of subject-matter jurisdiction *de novo*. *United States v. Iguaran*, 821 F.3d 1335, 1336 (11th Cir. 2016).

The MDLEA makes it a crime to "knowingly or intentionally . . . possess with intent to manufacture or distribute, a controlled substance" on board "a [covered] vessel subject to the jurisdiction of the United States," and to attempt or conspire to do the same. 46 U.S.C. §§ 70503(a)(1), (e)(1), 70506(b). The statute defines a "vessel subject to the jurisdiction of the United States" as including "a vessel without nationality." *Id.* § 70502(c)(1)(A). A "vessel without nationality" is defined to include "a vessel aboard

which the master or individual in charge makes a claim of registry and for which the claimed nation of registry does not affirmatively and unequivocally assert that the vessel is of its nationality . . . ." *Id.* § 70502(d)(1)(C). The MDLEA "applies even though the act is committed outside the territorial jurisdiction of the United States." *Id.* § 70503(b); *see also United States v. Alfonso*, 104 F.4th 815, 820 (11th Cir. 2024), *cert. denied*, 2025 WL 1426696 (May 19, 2025) (mem.), *and cert. denied*, 2025 WL 1426697 (May 19, 2025) (mem.).

"Article I, Section 8, Clause 10 of the Constitution bestows on Congress 'three distinct grants of power:' (1) 'the power to define and punish piracies,' (the Piracies Clause); (2) 'the power to define and punish felonies committed on the high Seas,' (the Felonies Clause); and (3) 'the power to define and punish offenses against the law of nations' (the Offences Clause).'" *Alfonso*, 104 F.4th at 820 (11th Cir. 2024) (alteration adopted) (quoting *United States v. Bella-izac-Hurtado*, 700 F.3d 1245, 1248 (11th Cir. 2012)); *see also* U.S. CONST. art. I, § 8, cl. 10. "We repeatedly have upheld the MDLEA as a valid exercise of Congress's power 'to define and punish . . . Felonies on the high Seas.'" *Alfonso*, 104 F.4th at 820 (quoting *United States v. Estupinan*, 453 F.3d 1336, 1338–39 (11th Cir. 2006)).

In *Alfonso*, the defendants appealed their convictions under the MDLEA, which arose from an incident where the United States Coast Guard seized a vessel in the Dominican Republic's EEZ. *Id.* at 818–20. The defendants argued, in relevant part, that the district court lacked subject matter jurisdiction because the EEZ was not

4                    Opinion of the Court                    24-10445

part of the "high seas." *Id.* We held that "international law does not limit the Felonies Clause." *Id.* at 826. We further held that a nation's EEZ is "part of the 'high seas' for purposes of the Felonies Clause in Article I of the Constitution," and thus, "enforcement of the MDLEA in EEZs is proper." *Id.* at 823, 827.

Here, Marin's argument, as he concedes, is foreclosed by our holding in *Alfonso*. *Id.* Under our prior panel precedent rule, we are bound to follow *Alfonso*, as it is binding precedent that has not been overruled—or undermined to the point of abrogation—by the Supreme Court or this Court sitting *en banc*. *United States v. White*, 837 F.3d 1225, 1228 (11th Cir. 2016); *United States v. Lee*, 886 F.3d 1161, 1163 n.3 (11th Cir. 2018). Accordingly, we affirm Marin's convictions.

**AFFIRMED.**