**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

_____

No. 23-12686

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

OSWALDO GONZALEZ,

*Defendant-Appellant.*

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:23-cr-20005-RKA-2

_____

Before JILL PRYOR, BRANCH, and ABUDU, Circuit Judges.

PER CURIAM:

Oswaldo Gonzalez appeals his conviction for conspiracy to possess with intent to distribute cocaine while on board a vessel subject to the jurisdiction of the United States, 46 U.S.C.

§§ 70503(a)(1), 70506(b).  On appeal, Gonzalez raises several challenges to his underlying statutes of conviction, which are part of the Maritime Drug Law Enforcement Act ("MDLEA"), arguing that the MDLEA is unconstitutional, both in general and as applied, and that the district court lacked jurisdiction in this case.  Gonzalez concedes we have rejected these challenges in other published decisions but maintains his position in this appeal for the purpose of seeking further review.

We generally review constitutional, jurisdictional, and statutory interpretation questions *de novo*.  *United States v. Alfonso*, 104 F.4th 815, 820 (11th Cir. 2024), *cert. denied*, 2025 WL 1426696 (May 19, 2025) (mem.), *and cert. denied*, 2025 WL 1426697 (May 19, 2025) (mem.); *United States v. Gruezo*, 66 F.4th 1284, 1290 (11th Cir. 2023).  Under our prior panel precedent rule, we are bound to follow prior binding precedent until it is overruled by the Supreme Court or this Court sitting *en banc*.  *United States v. White*, 837 F.3d 1225, 1228 (11th Cir. 2016); *United States v. Lee*, 886 F.3d 1161, 1163 n.3 (11th Cir. 2018).

The MDLEA makes it a crime to "knowingly or intentionally . . . possess with intent to manufacture or distribute, a controlled substance" on board "a [covered] vessel subject to the jurisdiction of the United States," and to conspire to do the same. 46 U.S.C. §§ 70503(a)(1), (e)(1), 70506(b).  The statute defines a "vessel subject to the jurisdiction of the United States" as including "a vessel without nationality." *Id.* § 70502(c)(1)(A).  In turn, a "vessel without nationality" is defined to include "a vessel aboard

which the master or individual in charge makes a claim of registry and for which the claimed nation of registry does not affirmatively and unequivocally assert that the vessel is of its nationality." *Id.* § 70502(d)(1)(C). The MDLEA "applies even though the act is committed outside the territorial jurisdiction of the United States." *Id.* § 70503(b); *see also Alfonso*, 104 F.4th at 820.

"Article I, Section 8, Clause 10 of the Constitution" gives Congress "'three distinct grants of power: (1) the power to define and punish piracies, (the Piracies Clause); (2) the power to define and punish felonies committed on the high Seas, (the Felonies Clause); and (3) the power to define and punish offenses against the law of nations (the Offences Clause).'" *Alfonso*, 104 F.4th at 820 (quoting *United States v. Bellaizac-Hurtado*, 700 F.3d 1245, 1248 (11th Cir. 2012)); *see also* U.S. CONST. art. I, § 8, cl. 10. "We repeatedly have upheld the MDLEA as a valid exercise of Congress's power 'to define and punish . . . Felonies on the high Seas.'" *Alfonso*, 104 F.4th at 820 (quoting *United States v. Estupinan*, 453 F.3d 1336, 1338–39 (11th Cir. 2006)); *see also United States v. Hernandez*, 864 F.3d 1292, 1303 (11th Cir. 2017) ("[W]e [have] held that the MDLEA [i]s a constitutional exercise of Congressional authority under the Felonies Clause, and that the conduct proscribed by the MDLEA need not have a nexus to the United States." (citing *United States v. Campbell*, 743 F.3d 802, 809–10 (11th Cir. 2017) and *United States v. Wilchombe*, 838 F.3d 1179, 1186 (11th Cir. 2016))); *United States v. Cabezas-Montano*, 949 F.3d 567, 587 (11th Cir. 2020) (rejecting an as-applied constitutional challenge to the application of the

4                          Opinion of the Court                          23-12686

MDLEA to vessels on the high seas engaged in drug-trafficking crimes without a nexus to the United States).

In *Alfonso*, several defendants appealed their convictions under the MDLEA that arose from an incident where the United States Coast Guard seized a vessel bearing no indicia of nationality from within the Dominican Republic's EEZ.[1] 104 F.4th at 818–20. The defendants argued that the district court lacked subject matter jurisdiction because the EEZ was not part of the "high seas." *Id.* We held that "international law does not limit the Felonies Clause." *Id.* at 826. We also held that a nation's EEZ is "part of the 'high seas' for purposes of the Felonies Clause in Article I of the Constitution," and thus, "enforcement of the MDLEA in EEZs is proper." *Id.* at 823, 827. We reaffirmed and built on this holding in *United States v. Canario-Vilomar*, in which two appellants—one seized in a vessel 37 nautical miles north of Panama, the other seized in a vessel 145 nautical miles north of Colombia—challenged the district court's jurisdiction, arguing that the MDLEA exceeds Congress's authority under the Felonies Clause, and that one appellant's arrest did not occur on the high seas because he was arrested in Colombia's EEZ. 128 F.4th 1374, 1376–78 (11th Cir.), *cert. denied*, __U.S.__, 2025 WL 2824488 (Oct. 6, 2025) (mem.). We relied on *Alfonso* and similarly concluded that Congress was not constrained by international law in crafting the MDLEA. *Id.* at

---

[1] "[T]he EEZ" constitutes "the waters extending 200 nautical miles seaward of and adjacent to the territorial sea of a nation." *Alfonso*, 104 F.4th at 818; *see also id.* at 821; *United States v. Rioseco*, 845 F.2d 299, 300 n.1 (11th Cir. 1988).

1381 ("[W]e reject [appellants'] contention that Congress was constrained by international law in crafting its definition of a stateless vessel or in defining the boundaries of the high seas."). We rejected the argument "that Congress could not reach [an appellant] merely because he chose to traffic drugs in Colombia's EEZ rather than farther out into the open ocean." *Id.* at 1382.

As Gonzalez concedes, our prior cases foreclose each of his arguments on appeal. Gonzalez argues that the MDLEA is unconstitutional as applied here because Congress's authority "to define and punish offenses on the high seas is limited by customary international law" and that "the scope of the 'high Seas' under the Felonies Clause must be similarly construed." He then contends that, "under customary international law, the 'high seas' *excludes* the EEZ," which is where his offense occurred. Yet, we have rejected this same argument and held enforcement of the MDLEA is proper as to vessels found in EEZs. *See Alfonso*, 104 F.4th at 823, 826–27; *Canario-Vilomar*, 128 F.4th at 1381–82. We have also rejected Gonzalez's argument that Congress was constrained by international law when crafting the MDLEA. *Canario-Vilomar*, 128 F.4th at 1381–82. Finally, we have rejected Gonzalez's final argument, that is that "[d]ue process requires a *nexus* between the United States and a defendant's activities." *Hernandez*, 864 F.3d at 1303; *Campbell*, 743 F.3d at 809–10; *Wilchombe*, 838 F.3d at 1186. We must apply these published decisions here, as they have not been abrogated or overruled by the Supreme Court or this Court sitting *en banc*. *White*,

837 F.3d at 1228; *Lee*, 886 F.3d at 1163 n.3.  Accordingly, we affirm Gonzalez's conviction.

**AFFIRMED.**