**NOT FOR PUBLICATION**

# In the

# United States Court of Appeals

## For the Eleventh Circuit

————————————

No. 23-11483

Non-Argument Calendar

————————————

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

WILFREDO ROBLES,

*Defendant-Appellant.*

————————————

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:22-cr-20494-RNS-1

————————————

————————————

No. 23-11498

Non-Argument Calendar

————————————

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

2                    Opinion of the Court                    23-11483

*versus*

JONATHAN VASQUEZ,

                                        *Defendant-Appellant.*

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:22-cr-20494-RNS-3

_____

_____

No. 23-11524
Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

                                        *Plaintiff-Appellee,*

*versus*

RUBEN PUSHIANA,

                                        *Defendant-Appellant.*

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:22-cr-20494-RNS-2

_____

Before BRANCH, LUCK, and LAGOA, Circuit Judges.

PER CURIAM:

Codefendants Wilfredo Robles, Ruben Pushiana, and Jonathan Vasquez (collectively, "appellants") appeal their convictions and sentences for a drug-related crime under the Maritime Drug Law Enforcement Act ("MDLEA"). Collectively, they raise three arguments on appeal. First, they argue that the district court erred in denying their motion to dismiss the indictment because the MDLEA is unconstitutional as applied to them because their vessel was seized in the Dominican Republic's Exclusive Economic Zone ("EEZ"), which is not part of the "high seas," and is therefore not subject to Congress's authority. Second, they argue that the district court erred in denying their motion to dismiss the indictment because their prosecution violated the Due Process Clause and exceeded Congress's authority under the Felonies Clause of the Constitution because the offense had no nexus with the United States. Finally, they challenge the district court's denial of a minor-role reduction under the Sentencing Guidelines. After careful review, we affirm.

## I.     Background

In 2022, the United States Coast Guard stopped the appellants' go-fast vessel within the waters of the Dominican Republic's EEZ. The vessel displayed no indicia of nationality. The appellants refused to answer questions, and, therefore, no one claimed to be the master or made a claim of nationality for the vessel. As a result, the vessel was treated as one without a nationality subject to the jurisdiction of the United States. The

Coast Guard seized approximately 400 kilograms of cocaine from the vessel.

Thereafter, a grand jury in the Southern District of Florida indicted Robles, Pushiana, and Vasquez on one count of knowingly and intentionally possessing five or more kilograms of cocaine while on board a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C §§ 70503(a)(1), 70506(a), 21 U.S.C. § 960(b)(1)(B), and 18 U.S.C. § 2, and one count of conspiracy to do the same.

The defendants jointly moved to dismiss the indictment on two grounds. First, they argued that the MDLEA was unconstitutional as applied to them because the alleged offenses occurred in the Dominican Republic's EEZ, not on the "high seas," and, therefore, their conduct was beyond the reach of Congress's authority under the Felonies Clause of the Constitution. Second, they argued that the alleged offense conduct lacked a sufficient nexus to the United States, such that their prosecution violated the Due Process Clause and the Felonies Clause of the Constitution. Following a hearing, the district court denied the motion. Thereafter, Robles, Pushiana, and Vasquez pleaded guilty to the conspiracy count.[1]

Prior to sentencing, the United States Probation Office prepared a presentence investigation report ("PSI") for each defendant. As relevant to this appeal, Robles, Pushiana, and

---

[1] In exchange, the government dismissed the other count.

Vasquez each objected to the PSI's offense level calculation, arguing that they were entitled to a two-point minor-role reduction under the Sentencing Guidelines. They argued that they played a minor role in the offense because they only transported the cocaine, they did not know the full scope of the conspiracy, and they had very limited courier-type roles in the overall drug-trafficking scheme.

At their joint sentencing hearing, they maintained that other, unidentified individuals were more culpable in the drug-trafficking scheme, such as the individuals who recruited them and planned and coordinated the scheme and those who owned the drugs. The government opposed each of their requests for a minor-role reduction and argued that they all shared the responsibilities associated with operating the vessel and were all "equally culpable." The district court overruled their objections and denied the reduction request.

After hearing additional sentencing-related arguments, the district court imposed below-guidelines sentences of 60 months' imprisonment to be followed by two years' supervised release for Robles and Vasquez.[2] As for Pushiana, who had prior drug offenses, the district court imposed a within-guidelines sentence of

---

[2] Robles and Vasquez each had an advisory guidelines range of 108 to 135 months' imprisonment.

6                    Opinion of the Court                    23-11483

144 months' imprisonment to be followed by five years' supervised release.[3]  This appeal followed.

## II.    Discussion

The appellants raise (A) an as-applied constitutional challenge to the MDLEA; (B) a due process challenge to their prosecution based on the lack of a nexus between their conduct and the United States; and (C) a sentencing challenge to the district court's failure to award them a minor-role reduction.[4]  We address each argument in turn.

### A.  The as-applied constitutional challenge

The appellants argue that the district court erred in denying their motion to dismiss the indictment because the MDLEA is unconstitutional as applied to them.  They maintain that their vessel was seized in the waters of the Dominican Republic's EEZ, which is not part of the "high seas," and is therefore not subject to Congress's authority under the Felonies Clause of the Constitution.[5]  They acknowledge that their claim is foreclosed by

---

[3] Pushiana's advisory guidelines range was 135 to 168 months' imprisonment.

[4] We note that, despite pleading guilty, Robles, Pushiana, and Vasquez are permitted to challenge "the Government's power to constitutionally prosecute" them.  *See Class v. United States*, 583 U.S. 174, 178 (2018).

[5] Under Article I, Section 8, Clause 10 of the Constitution, Congress has "three distinct grants of power: (1) the power to define and punish piracies, (the Piracies Clause); (2) the power to define and punish felonies committed on the high Seas, (the Felonies Clause); and (3) the power to define and punish offenses against the law of nations (the Offences Clause)."  *United States v.*

our decision in *United States v. Alfonso*, 104 F.4th 815 (11th Cir. 2024), but they maintain that *Alfonso* was wrongly decided and they seek to preserve the issue for further review.

In *Alfonso*, we rejected a constitutional challenge that Congress lacked the authority under the Felonies Clause of the Constitution to prosecute offenses occurring in an EEZ—"the waters extending 200 nautical miles seaward of and adjacent to the territorial sea of a nation"—because those waters were not part of the "high seas." 104 F.4th at 818. In rejecting this challenge, we held that "international law does not limit the Felonies Clause" and that EEZs were "part of the 'high seas' for purposes of the Felonies Clause." *Id.* at 823, 826–27; *see also United States v. Canario-Vilomar*, 128 F.4th 1374, 1381–82 (11th Cir. 2025) (reaffirming *Alfonso*'s holding that Congress was not constrained by international law in crafting the MDLEA, and rejecting the appellant's argument that Congress could not reach his conduct because it occurred in an EEZ). Thus, the appellants' as-applied constitutional challenge to Congress's constitutional authority to regulate conduct in the Dominican Republic's EEZ is squarely foreclosed by circuit precedent. *See United States v. Archer*, 531 F.3d 1347, 1352 (11th Cir. 2008) ("Under [our prior-panel-precedent] rule, a prior panel's holding is binding on all subsequent panels unless and until it is overruled or undermined to the point of abrogation by the Supreme Court or by this [C]ourt sitting *en banc*."). Although the

---

*Alfonso*, 104 F.4th 815, 820 (11th Cir. 2024) (alteration adopted) (quotations omitted), *cert. denied*, 145 S. Ct. 2706 (2025).

appellants argue that *Alfonso* was wrongly decided for several reasons, the argument that a case was wrongly decided does not overcome the prior-panel-precedent rule. *United States v. Lee*, 886 F.3d 1161, 1163 n.3 (11th Cir. 2018). Accordingly, the district court did not err in denying the appellants' motion to dismiss on this ground.

## B.    The nexus challenge

Next, the appellants argue that the district court erred in denying their motion to dismiss the indictment because their prosecution violated the Due Process Clause and exceeded Congress's authority under the Felonies Clause of the Constitution because their offense had no nexus with the United States. They acknowledge that their claim is foreclosed by circuit precedent, and they seek to preserve the issue for further review.

We have repeatedly held that "the MDLEA is a valid exercise of Congress's power under the Felonies Clause as applied to drug trafficking crimes without a 'nexus' to the United States." *United States v. Cabezas-Montano*, 949 F.3d 567, 587 (11th Cir. 2020) (collecting cases); *United States v. Campbell*, 743 F.3d 802, 810–12 (11th Cir. 2014). Relatedly, we have also repeatedly "held that the Fifth Amendment's Due Process Clause does not prohibit the trial and conviction of aliens captured on the high seas while drug trafficking because the MDLEA provides clear notice that all nations prohibit and condemn drug trafficking aboard stateless vessels on the high seas." *Cabezas-Montano*, 949 F.3d at 587; *Campbell*, 743 F.3d at 812 (same). Accordingly, the district court did

not err in denying the motion to dismiss the indictment on this ground.

### C. Sentencing challenges based on minor-role reduction

Finally, the appellants argue that the district court erred in denying them a minor-role reduction under the sentencing guidelines. "[A] district court's determination of a defendant's role in the offense is a finding of fact to be reviewed only for clear error." *United States v. De Varon*, 175 F.3d 930, 937 (11th Cir. 1999) (en banc).

The Sentencing Guidelines provide that a defendant is entitled to a two-level decrease in his offense level if he "was a minor participant in any criminal activity." U.S.S.G. § 3B1.2(b). The guideline's commentary explains that a minor-role reduction applies to a defendant "who is less culpable than most other participants in the criminal activity, but whose role could not be described as minimal." *Id.* § 3B1.2, cmt. (n.5).[6] The defendant bears the burden of establishing by a preponderance of the

---

[6] In *United States v. Dupree*, we held that courts "may not defer" to the commentary to the Sentencing Guidelines "if uncertainty does not exist" in the guideline itself. 57 F.4th 1269, 1275 (11th Cir. 2023) (en banc) (quotation omitted). However, here, both parties rely on the commentary and do not dispute its validity. Thus, we will rely upon it as well in determining whether the district court properly denied the minor-role reduction. *See United States v. Jews*, 74 F.4th 1325, 1327 & n.2, 1328 (11th Cir. 2023) (relying on the commentary of a guideline where "[n]o party contest[ed] the commentary's validity . . . or the propriety of its interpretation of [the guideline's] text").

evidence that he is entitled to a minor-role reduction.  *United States v. Valois*, 915 F.3d 717, 731 (11th Cir. 2019).

A determination of whether a defendant is entitled to this reduction is a fact-intensive inquiry based on the totality of the circumstances.  *See* U.S.S.G. § 3B1.2, cmt. (n.3(C)).  In making its determination, the district court should consider various factors, including:

> (i) the degree to which the defendant understood the scope and structure of the criminal activity;
>
> (ii) the degree to which the defendant participated in planning or organizing the criminal activity;
>
> (iii) the degree to which the defendant exercised decision-making authority or influenced the exercise of decision-making authority;
>
> (iv) the nature and extent of the defendant's participation in the commission of the criminal activity, including the acts the defendant performed and the responsibility and discretion the defendant had in performing those acts;
>
> (v) the degree to which the defendant stood to benefit from the criminal activity.

*Id.* § 3B1.2, cmt. (n.3(C)(i)–(v)).  "The court must consider all of these factors to the extent applicable, and it commits legal error in making a minor role decision based solely on one factor."  *Valois*, 915 F.3d at 732 (quotations omitted).

> [Additionally, we have] established two principles to guide the determination of whether a defendant played a minor role in the criminal scheme: (1) the defendant's role in the relevant conduct for which he has been held accountable at sentencing, and (2) his role as compared to that of other participants in his relevant conduct. In making the ultimate finding as to role in the offense, the district court should look to each of these principles and measure the discernable facts against them.

*Id.* (alterations adopted) (quotations and citation omitted). Importantly, under the first principle, "the inquiry is whether the defendant played a relatively minor role in the conduct for which [he] has already been held accountable—not a minor role in any larger criminal conspiracy." *Id.* (quotations omitted).

"[T]he district court has considerable discretion in making [the] fact-intensive determination" of whether a defendant played a minor role in the offense. *United States v. Boyd*, 291 F.3d 1274, 1277–78 (11th Cir. 2002). "The district court's choice between two permissible views of the evidence as to the defendant's role in the offense will rarely constitute clear error so long as the basis of the . . . decision is supported by the record and does not involve a misapplication of a rule of law." *United States v. Cruickshank*, 837 F.3d 1182, 1192 (11th Cir. 2016) (alteration adopted) (quotations omitted). "[W]e will not disturb a district court's findings unless we are left with a definite and firm conviction that a mistake has been committed." *Id.* (quotations omitted).

The appellants argue that the district court clearly erred in denying them the two-level minor-role reduction because the court erroneously measured their culpability against only each other instead of against that of the unindicted co-conspirators in the overall drug trafficking conspiracy, such as the people who recruited them, those who owned the drugs and orchestrated the trip, and the drug distributors. They maintain that they each played a minor role in the offense because they were mere drug couriers without any decision-making authority, not captains, masters, or operators.

Here, the district court did not clearly err in denying each of the appellants' request for a minor role reduction. First, contrary to the appellants' claim, the relevant inquiry is whether they each "played a relatively minor role in the conduct for which [they have] already been held accountable—not a minor role in any larger criminal conspiracy." *Valois*, 915 F.3d at 732 (alteration adopted) (quotations omitted). Thus, in determining whether a minor-role reduction was warranted, the district court was "not required to consider the culpability of any *unknown* conspirators," such as the drug distributors, the persons who recruited them, or the persons who planned the scheme. *Cabezas-Montano*, 949 F.3d at 608 (emphasis in original).

Furthermore, the district court did not err in its comparison of the defendants with each other. Although they each argue they had minor roles, the record establishes that they all knowingly participated in the illegal transportation of a large quantity of

cocaine, they were critical to the transportation part of the trafficking scheme, they were set to receive money for their services, and they were all held responsible for the same conduct and the same quantity of drugs. "While these facts do not render the defendants ineligible, they support the court's denial of the role reduction." *Valois*, 915 F.3d at 732.

In sum, the record confirms that the district court considered each defendant's arguments about a minor-role reduction and considered the totality of the circumstances in determining that each of them did not qualify for the reduction. While the appellants may disagree with the district court's ultimate determination, "the district judge [was] in the best position to weigh and assess [each] defendant's role in [the] relevant conduct and the relative degrees of culpability of the other participants in that conduct." *De Varon*, 175 F.3d at 938. Based on the record in this case, we "are [not] left with a definite and firm conviction that a mistake has been committed." *Cruickshank*, 837 F.3d at 1192 (quotations omitted). Accordingly, the appellants are not entitled to relief.

### III.    Conclusion

For the above reasons, we affirm the appellants' respective convictions and sentences.

**AFFIRMED.**