[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 20-14198

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

NEHEME DUCTANT,
a.k.a. Lucky,
a.k.a. Waldo,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 2:11-cr-00097-JES-NPM-2

_____

Before JORDAN, NEWSOM and LAGOA, Circuit Judges.

PER CURIAM:

Neheme Ductant, a federal prisoner proceeding *in forma pauperis*, appeals the denial of his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A), as amended by Section 603(b) of the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194, 5239 (Dec. 21, 2018), and his subsequent motion for reconsideration of that denial. He argues that the district court abused its discretion by relying on the policy statement in U.S.S.G. § 1B1.13 and failing to consider the 18 U.S.C. § 3553(a) factors as they related to his post-sentencing rehabilitation. The government responds by moving for summary affirmance and a stay of the briefing schedule, contending that Mr. Ductant's argument on appeal is foreclosed by our recent decision in *United States v. Bryant*, 996 F.3d 1243, 1262 (11th Cir.), *petition for cert. filed*, No. 20-1732 (U.S. June 10, 2021).

Summary disposition is appropriate either where time is of the essence, such as "situations where important public policy issues are involved or those where rights delayed are rights denied," or where "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case, or where, as is more frequently the case, the appeal is frivolous." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).

We review a district court's denial of a prisoner's § 3582(c)(1)(A) motion for abuse of discretion. *See United States v. Harris*, 989 F.3d 908, 911 (11th Cir. 2021). Abuse of discretion review "means that the district court had a range of choice" and that we "cannot reverse just because we might have come to a different conclusion." *Id.* at 912 (quotation marks omitted). A district court, however, abuses its discretion if it applies an incorrect legal standard, follows improper procedures in making the determination, or makes clearly erroneous factual findings. *See United States v. Barrington*, 648 F.3d 1178, 1194 (11th Cir. 2011) (quotation marks omitted).

A district court has no inherent authority to modify a defendant's sentence and may do so "only when authorized by a statute or rule." *United States v. Puentes*, 803 F.3d 597, 605–06 (11th Cir. 2015). A district court may grant a prisoner's motion for compassionate release "after considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).

The policy statements applicable to § 3582(c)(1)(A) are found in U.S.S.G. § 1B1.13. The commentary to § 1B1.13 states that extraordinary and compelling reasons exist under any of the circumstances listed, provided that the court determines that the defendant is not a danger to the safety of any other person or to the

community, as set out in 18 U.S.C. § 3142(g).    *See* U.S.S.G. § 1B1.13, comment. (n.1).  The commentary lists a defendant's age, medical condition, and family circumstances as possible "extraordinary and compelling reasons" warranting a sentence reduction. *Id.*  The commentary also contains a catch-all provision for "other reasons," which provides that a prisoner may be eligible for a sentence reduction if "[a]s determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with," the other specific examples listed.  *Id.*, comment. (n.1(D)).  A prisoner's rehabilitation is not, by itself, an extraordinary and compelling reason warranting a sentence reduction.  *Id.*, comment. (n.3).

In *Bryant*, we concluded that § 1B1.13 is applicable to all motions filed under § 3582(c)(1)(A), including those filed by prisoners, and, thus, a district court may not reduce a sentence unless a reduction would be consistent with § 1B1.13's definition of "extraordinary and compelling reasons."  996 F.3d at 1252–62.  Next, we ruled that the catch-all provision in the commentary to § 1B1.13 did not grant to district courts, in addition to the Federal Bureau of Prisons, the discretion to develop other reasons outside those listed in § 1B1.13 that might justify a reduction in a defendant's sentence. *Id.* at 1248, 1263, 1265.

Mr. Ductant asserts that § 1B1.13 does not limit a district court's ability to determine whether extraordinary and compelling reasons exist under § 3582(c)(1)(A), but acknowledges that our decision in *Bryant* forecloses that argument.  Our prior panel

precedent rule mandates that "a prior panel's holding is binding on all subsequent panels unless and until it is overruled or undermined to the point of abrogation by the Supreme Court or by this court sitting *en banc*." *United States v. Archer*, 531 F.3d 1347, 1352 (11th Cir. 2008). We recognize, as Mr. Ductant points out, that *Bryant* is at odds with the position taken by our sister circuits. But it remains binding precedent for us as a later panel. *See United States v. Lee*, 886 F.3d 1161, 1163 n.3 (11th Cir. 2018) ("It does not matter whether a prior case was wrongly decided; whether it failed to consider certain critical issues or arguments; or whether it lacked adequate legal analysis to support its conclusions.") (citations omitted).

Here, *Bryant* makes clear that there is no substantial question that the district court properly denied Mr. Ductant's motion for compassionate release. *See Groendyke Transp.*, 406 F.2d at 1162. In sum, *Bryant* dooms Mr. Ductant's argument that the district court improperly relied on § 1B1.13 in denying his motion because § 1B1.13 only applies to motions filed by the Director of the Bureau of Prisons. *See id.*

Mr. Ductant also argues that the district court erred by not considering the § 3553(c) factors. But we have recently held that a district court need not address the compassionate-release requirements in any particular order. *See United States v. Tinker*, __ F.4th __, 2021 WL 4434621, at *2 (11th Cir. Sept. 28, 2021). Here, having concluded that there were no extraordinary and compelling reasons, the district did not have to consider the § 3553(c) factors. *See United States v. Giron*, __ F.4th __, 2021 WL 4771621, at *3 (11th

Cir. Oct. 13, 2021) ("When denying a request for compassionate release, a district court need not analyze the § 3553(c) factors if it finds either that no extraordinary and compelling reasons exists or that the defendant is a danger to the public."). So this argument is also foreclosed by our precedent.

Accordingly, because there is no substantial question that the district court did not abuse its discretion by denying Mr. Ductant's motion for compassionate release and reconsideration thereof, we GRANT the government's motion for summary affirmance. *See Groendyke Transp.*, 406 F.2d at 1162. We DENY AS MOOT the accompanying motion to stay the briefing schedule.

**AFFIRMED**.