[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-12014

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

DESHAWN KENNETH JAMES,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 2:09-cr-14016-KMM-4

_____

Before JILL PRYOR, BRANCH, and TJOFLAT, Circuit Judges.

PER CURIAM:

Deshawn James, a federal prisoner proceeding *pro se*, appeals the denial of his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A), as amended by Section 603(b) of the First Step Act.[1]  He argues that *United States v. Bryant*, 996 F.3d 1243, 1252–62 (11th Cir.), *cert. denied*, 142 S. Ct. 583 (2021), was wrongly decided.  He also contends that, because the policy statement in U.S.S.G. § 1B1.3 was not applicable to defendant-filed motions for compassionate release, the District Court could have made its own independent determination of "extraordinary and compelling reasons" for a sentence reduction in light of his youth at the time of the offense, his post-conviction rehabilitation, and Congress's legislative change in Section 403 of the First Step Act. Moreover, James argues that the District Court failed to consider the 18 U.S.C. § 3553(a) factors.  The government responds by moving for summary affirmance of the District Court's order and for a stay of the briefing schedule, arguing that James's arguments were foreclosed by *Bryant*.

Summary disposition is appropriate either where time is of the essence, such as "situations where important public policy issues are involved or those where rights delayed are rights denied," or where "the position of one of the parties is clearly right

---

[1] Pub. L. No. 115-391, 132 Stat. 5194, 5239 (Dec. 21, 2018) ("First Step Act").

as a matter of law so that there can be no substantial question as to the outcome of the case, or where, as is more frequently the case, the appeal is frivolous." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).

We review a district court's denial of a prisoner's § 3582(c)(1)(A) motion for abuse of discretion. *United States v. Harris*, 989 F.3d 908, 911 (11th Cir. 2021). Abuse-of-discretion review "means that the district court had a range of choice" and that we "cannot reverse just because [it] might have come to a different conclusion." *Id.* at 912 (quotation marks omitted). However, a district court abuses its discretion if it applies an incorrect legal standard, follows improper procedures in making the determination, or makes clearly erroneous factual findings. *United States v. Barrington*, 648 F.3d 1178, 1194 (11th Cir. 2011).

A district court has no inherent authority to modify a defendant's sentence and may do so "only when authorized by a statute or rule." *United States v. Puentes*, 803 F.3d 597, 605–06 (11th Cir. 2015). A district court may grant a prisoner's motion for compassionate release, "after considering the factors set forth in [18 U.S.C.] § 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).

The policy statements applicable to § 3582(c)(1)(A) are found in U.S.S.G. § 1B1.13. U.S.S.G. § 1B1.13. The commentary

to § 1B1.13 states that extraordinary and compelling reasons exist under any of the circumstances listed, provided that the court determines that the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g). U.S.S.G. § 1B1.13 & cmt. n.1. The commentary lists as "extraordinary and compelling" circumstances justifying compassionate release a defendant's medical condition, age, and family circumstances. *Id.* § 1B1.13 cmt. n.1. The commentary also contains a catch-all provision for "other reasons," which provides that a prisoner may be eligible for a sentence reduction if "[a]s determined by the Director of the [BOP], there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with," the other specific examples listed. *Id.* § 1B1.13 cmt. n.1(D). A prisoner's rehabilitation is not, by itself, an extraordinary and compelling reason warranting a sentence reduction. *Id.* § 1B1.13 cmt. n.3.

In *Bryant*, we concluded that § 1B1.13 is applicable to all motions filed under that statute, including those filed by prisoners, and, thus, a district court may not reduce a sentence unless a reduction would be consistent with § 1B1.13's definition of "extraordinary and compelling reasons." *Bryant*, 996 F.3d at 1252–62. Next, we concluded that the catch-all provision in the commentary to § 1B1.13 did not grant to district courts, in addition to the BOP, the discretion to develop other reasons outside those listed in § 1B1.13 that might justify a reduction in a defendant's sentence. *Id.* at 1248, 1263, 1265.

We recently held, in *Tinker*, that, because a district court "must find that all necessary conditions are satisfied before it grants a reduction" under § 3582(c)(1)(A), where "at least one of the compassionate-release conditions was not satisfied, it cannot—as either a syntactical or logical matter—have been error for the district court to skip assessment of another condition." *United States v. Tinker*, 14 F.4th 1234, 1238 (11th Cir. 2021). Then in *Giron*, we held that when the district court found that extraordinary and compelling reasons for compassionate release did not exist, it was not required to examine the § 3553(a) factors. *United States v. Giron*, 15 F.4th 1343, 1348 (11th Cir. 2021).

Section 403 of the First Step Act modified § 924(c)(1)(C), which imposes a mandatory consecutive 25-year minimum sentence for offenders with multiple § 924(c) convictions, to eliminate "stacking" of consecutive enhanced sentences for first-time offenders who are charged with multiple § 924(c) violations. First Step Act § 403(a), 132 Stat. at 5221–22. Section 403 applies to any offense that was committed before the date of enactment of the First Step Act if a sentence for the offense had not been imposed as of the date of enactment. *Id.* A sentence is imposed for purposes of Section 403 when it is pronounced in the district court. *United States v. Smith*, 967 F.3d 1196, 1210–13 (11th Cir. 2020), *cert. denied*, 141 S. Ct. 2538 (2021). Despite the title of Section 403 that it is clarifying § 924(c), the text of Section 403 is unambiguous as to when its amendments apply. *Id.* at 1211–12. Thus, defendants whose direct appeals were pending at the time of the

First Step Act's enactment do not receive the benefit of this change. *Id.* at 1211–13.

Here, we grant the government's motion for summary affirmance because there is no substantial question that the District Court properly denied James's motion for compassionate release. *Groendyke Transp.*, 406 F.2d at 1162. While James contends that the District Court was authorized to independently determine other extraordinary and compelling reasons for a sentence reduction beyond those listed in § 1B1.13, such argument is foreclosed by our caselaw. In *Bryant*, we held that the policy statement in § 1B1.13 is applicable to all motions filed under § 3582(c)(1)(A) and that district courts may not reduce a sentence under that statute unless a reduction would be consistent with § 1B1.13. 996 F.3d at 1262. James argues that he qualifies for compassionate release because the statutory penalties he would face for his multiple § 924(c) convictions would be lower if he were sentenced today. But that is not one of the extraordinary and compelling reasons listed in § 1B1.13. So, the District Court correctly concluded that it could not reduce James's sentence. To the extent that James argues that *Bryant* was wrongly decided, we are bound by *Bryant* under the prior panel precedent rule, and he does not assert a Supreme Court opinion or an opinion of this Court sitting *en banc* that has overruled or undermined to the point of abrogation *Bryant*. *Archer*, 531 F.3d at 1352; *Lee*, 886 F.3d 1161 at n.3.

Moreover, to the extent that James contends that the District Court erred by failing to consider the § 3553(a) factors, *Tink-*

*er* and *Giron* made clear the District Court was not required to examine the § 3553(a) factors when it found that extraordinary and compelling reasons for compassionate release did not exist. *Tinker*, 14 F.4th at 1238; *Giron*, 15 F.4th at 1348. Finally, the District Court correctly determined that James was not eligible for a sentence reduction under Section 403 because its amendments to the penalties for multiple § 924(c) convictions were not made retroactive, and James's sentences were imposed before the First Step Act's enactment. First Step Act § 403(a)–(b), 132 Stat. at 5221–22 ; *Smith*, 967 F.3d at 1210–13. Thus, James's arguments do not present substantial issues on appeal.

Accordingly, because the District Court was bound and limited by the policy statement in § 1B1.13 in finding that James did not establish extraordinary and compelling reasons for compassionate release, the government's position is "clearly right as a matter of law." *Groendyke Transp.*, 406 F.2d at 1162; *Bryant*, 996 F.3d at 1262.

Thus, we GRANT the government's motion for summary affirmance and DENY AS MOOT its motion to stay the briefing schedule. *Groendyke Transp.*, 406 F.2d at 1162.