[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 22-11929

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

NILSON OLAYA GRUESO,

Defendant-Appellant.

_____

Appeals from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:21-cr-20486-DPG-1

_____

2                    Opinion of the Court                    22-11929

_____

No. 22-11932

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

JOSE JUNIOR BAILON FRANCO,

Defendant-Appellant.

_____

Appeals from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:21-cr-20486-DPG-2

_____

_____

No. 22-11933

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

LUIS ALBERTO QUIJIJE MERO,

Defendant-Appellant.

————————————

Appeals from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:21-cr-20486-DPG-3

————————————

Before JORDAN, LUCK, and KIDD, Circuit Judges.

PER CURIAM:

Nilson Grueso, Jose Bailon Franco, and Luis Quijije Mero (collectively, the "Defendants") appeal their convictions for conspiracy to possess with intent to distribute cocaine while aboard a vessel subject to the jurisdiction of the United States. On appeal, they challenge the constitutionality of the Maritime Drug Law Enforcement Act ("MDLEA") and argue that the district court erred in denying their motion to dismiss the indictment. After careful review, we affirm.

## I. BACKGROUND

In August 2021, the United States Coast Guard found the Defendants aboard a go-fast boat approximately 140 nautical miles west of Manta, Ecuador. The boat flew no physical flag, had no registration documents, and had no registration number, homeport, name, or other marking on the hull. Grueso, however, claimed Columbian nationality for the boat. The United States contacted the Colombian government, but it could neither confirm nor deny this information. As a result, the Coast Guard treated the boat as a "vessel without nationality," subject to the jurisdiction of the United States, and boarded the boat, recovering 964 kilograms of cocaine.

In September 2021, the Defendants were indicted for the following violations of the MDLEA: (1) conspiracy to possess with intent to distribute a controlled substance while aboard a vessel subject to the jurisdiction of the United States, under 46 U.S.C. §§ 70503(a)(1) and 70506(b) ("Count 1"), and (2) possession with intent to distribute a controlled substance while aboard a vessel subject to the jurisdiction of the United States, under 46 U.S.C. § 70503(a)(1) and 18 U.S.C. § 2 ("Count 2"). Pursuant to a written plea agreement, each of the Defendants pleaded guilty to Count 1 in exchange for the government's dismissal of Count 2.

Prior to sentencing, the Defendants jointly moved to dismiss the indictment for lack of subject matter jurisdiction pursuant to Federal Rule of Criminal Procedure 12(b)(2). They asserted that the MDLEA was unconstitutional, both facially and as applied to their

case, because: (1) Congress exceeded its authority under the Felonies Clause of the Constitution when enacting § 70502(d)(1)(C), which defines a "vessel without nationality," since Congress could exercise jurisdiction only over vessels considered "stateless" under international law; and (2) their go-fast boat was stopped in Ecuador's exclusive economic zone ("EEZ"), not on the "high Seas," meaning the offense fell outside of Congress's jurisdiction.

Over the Defendants' objections, the district judge accepted the magistrate judge's recommendation to deny the motion to dismiss. The Defendants proceeded to sentencing, and they each received a term of imprisonment. The Defendants timely appealed, and their cases were consolidated. While this consolidated appeal was pending, we issued a limited remand to allow the district court to resolve two of the Defendants' sentence reduction motions and stayed briefing pending issuance of our opinion in *United States v. Alfonso*, 104 F.4th 815 (11th Cir. 2024), *cert. denied*, No. 24-6177 (May 19, 2025), and *cert. denied sub nom. Rosario-Rojas v. United States*, No. 24-6691 (May 19, 2025). Now that these pending matters have been resolved and the issues have been fully briefed, this appeal is ripe for our review.

## II. STANDARD OF REVIEW

When a motion to dismiss an indictment is based on subject matter jurisdiction, we review the district court's denial *de novo*. *Id.* at 820; *see also United States v. Iguaran*, 821 F.3d 1335, 1336 (11th Cir. 2016) (explaining that jurisdictional questions are reviewed *de novo* even when raised for the first time on appeal). We likewise "review

*de novo* a district court's interpretation of a statute and whether a statute is constitutional." *Alfonso*, 104 F.4th at 820 (quoting *United States v. Cabezas-Montano*, 949 F.3d 567, 586 n.10 (11th Cir. 2020)). Where a constitutional challenge is raised for the first time on appeal, however, we review only for plain error. *Id.*

## III. DISCUSSION

The MDLEA makes it a crime to "knowingly or intentionally . . . possess with intent to manufacture or distribute, a controlled substance" on board "a vessel subject to the jurisdiction of the United States," and to conspire to do the same. 46 U.S.C. §§ 70503(a)(1), (e)(1), 70506(b). A "vessel subject to the jurisdiction of the United States" includes "a vessel without nationality," which is defined to include "a vessel aboard which the master or individual in charge makes a claim of registry and for which the claimed nation of registry does not affirmatively and unequivocally assert that the vessel is of its nationality." *Id.* § 70502(c)(1)(A), (d)(1)(C). The MDLEA also "applies even though the act is committed outside the territorial jurisdiction of the United States." *Id.* § 70503(b).

On appeal, the Defendants reassert the two constitutional challenges to the MDLEA raised in their motion to dismiss before the district court. They also argue for the first time that the MDLEA exceeds Congress's powers and violates due process because it permits the United States to exert jurisdiction over foreign nationals without a nexus between the offense and the United States. Each of these arguments is foreclosed by our recent

decisions in *Alfonso* and *United States v. Canario-Vilomar*, 128 F.4th 1374 (11th Cir. 2025).

In *Alfonso*, the defendants were convicted under the MDLEA after they were found aboard a go-fast vessel containing drugs in the Dominican Republic's EEZ. 104 F.4th at 818. On appeal, the defendants challenged the constitutionality of the MDLEA as applied to them under the Felonies Clause, which "bestows on Congress . . . the power to define and punish felonies committed on the high Seas." *Id.* at 818–20 (quotation marks and brackets omitted); *see also* U.S. CONST. art. I, § 8, cl. 10. They specifically argued, in relevant part, that the district court lacked subject matter jurisdiction over their case because a country's EEZ was not part of the "high seas." *Alfonso*, 104 F.4th at 820.

We rejected the defendants' arguments, noting that "[w]e repeatedly have upheld the MDLEA as a valid exercise of Congress's power to define and punish . . . [f]elonies on the high Seas." *Id.* (quotation marks omitted). We held that "international law does not limit the Felonies Clause" and explained that "[n]othing about the modern EEZ as defined by customary international law disturbs in any way the Founding era concept of the term 'high seas' that informed the original meaning of the Felonies Clause." *Id.* at 823, 826. We thus held that a nation's EEZ is "part of the 'high seas' for purposes of the Felonies Clause," and thus, "enforcement of the MDLEA in EEZs is proper." *Id.* at 823, 827.

We reaffirmed this holding in *Canario-Vilomar*, in which the appellants pursued the three arguments that the Defendants assert

in the instant appeal. *See* 128 F.4th at 1378–79. Relying on *Alfonso*, we concluded that Congress was not constrained by international law in crafting the MDLEA and rejected the argument "that Congress could not reach [the appellant] merely because he chose to traffic drugs in Colombia's EEZ rather than farther out into the open ocean." *Id.* at 1381–82.

Additionally, we rejected the argument "that the MDLEA's definition of a vessel without nationality—specifically, the inclusion of vessels for which a claimed nation can neither confirm nor deny registration—is ultra vires." *Id.* at 1381. Relying on *Alfonso*'s holding that the Felonies Clause is not limited by customary international law, we reasoned "that international law cannot limit Congress's authority to define a 'stateless vessel' for purposes of the MDLEA," such that the appellants' argument was foreclosed, even though prior cases had not addressed this precise issue. *Id.*

Finally, we concluded that the argument that "the MDLEA violate[d] principles of due process" by allowing "the United States to assert jurisdiction over foreign nationals for conduct that bears no nexus with the United States" was "plainly foreclosed by our binding precedent. . . ." *Id.* at 1382–83. In so holding, we emphasized that we "ha[d] explained repeatedly" that "the conduct proscribed by the MDLEA need not have a nexus to the United States because universal and protective principles support its extraterritorial reach." *Id.* at 1383 (quoting *United States v. Campbell*, 743 F.3d 802, 810 (11th Cir. 2014)) (brackets omitted).

Here, under our prior precedent rule, we are bound to follow *Alfonso* and *Canario-Vilomar*, as they have not been overruled, or undermined to the point of abrogation, by the Supreme Court or this Court sitting en banc. *United States v. White*, 837 F.3d 1225, 1228 (11th Cir. 2016); *United States v. Lee*, 886 F.3d 1161, 1163 n.3 (11th Cir. 2018); *see also United States v. Morales*, 987 F.3d 966, 976 (11th Cir. 2021). Accordingly, because our binding precedent forecloses the Defendants' constitutional challenges to the MDLEA, we conclude that the district court did not err in denying their motion to dismiss the indictment for lack of subject matter jurisdiction.

## IV. CONCLUSION

For the reasons stated above, we **AFFIRM** the Defendants' convictions.