**NOT FOR PUBLICATION**

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 23-13780
Non-Argument Calendar
_____

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

LEONEL BISMARK MORENO-RIVAS,
  a.k.a. Marcos Leonel Borsorio-Borsorio,

*Defendant-Appellant.*

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:23-cr-20133-KMM-2
_____

Before JORDAN, LUCK, and KIDD, Circuit Judges.

PER CURIAM:

Leonel Moreno-Rivas appeals his conviction for conspiracy to possess with intent to distribute marijuana while on board a

vessel subject to the jurisdiction of the United States. On appeal, he challenges the constitutionality of the Maritime Drug Law Enforcement Act ("MDLEA") and argues that his conviction cannot stand because the district court lacked subject matter jurisdiction over his case. The government, in turn, moves for summary affirmance, arguing that binding authority forecloses Moreno-Rivas's arguments.

Summary disposition is appropriate where, as relevant here, "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969). When a motion to dismiss an indictment is based on subject matter jurisdiction, we review the district court's denial de novo. *United States v. Alfonso*, 104 F.4th 815, 820 (11th Cir. 2024), *cert. denied*, No. 24-6177 (May 19, 2025), and No. 24-6691 (May 19, 2025); *see also United States v. Iguaran*, 821 F.3d 1335, 1336 (11th Cir. 2016) (explaining that jurisdictional questions are reviewed de novo even when raised for the first time on appeal). We likewise review the constitutionality of a statute de novo, but review only for plain error when a constitutional challenge is raised for the first time on appeal. *Alfonso*, 104 F.4th at 820.

The MDLEA makes it a crime to "knowingly or intentionally . . . possess with intent to manufacture or distribute, a controlled substance" while on board "a vessel subject to the jurisdiction of the United States," and to conspire to do the same. 46 U.S.C. §§ 70503(a)(1), (e)(1), 70506(b). A "vessel subject to the jurisdiction

23-13780                Opinion of the Court                3

of the United States" includes "a vessel without nationality," which is defined to include "a vessel aboard which the master or individual in charge makes a claim of registry and for which the claimed nation of registry does not affirmatively and unequivocally assert that the vessel is of its nationality." *Id.* § 70502(c)(1)(A), (d)(1)(C). The MDLEA also "applies even though the act is committed outside the territorial jurisdiction of the United States." *Id.* § 70503(b).

On appeal, Moreno-Rivas asserts, as he did below, that the district court lacked subject matter jurisdiction over his case because: (1) Congress exceeded its authority under the Felonies Clause of the Constitution when enacting § 70502(d)(1)(C), as Congress can exercise jurisdiction only over vessels considered "stateless" under international law; and (2) the instant offense took place in Panama's exclusive economic zone ("EEZ"), not on the "high seas," meaning the offense fell outside of Congress's jurisdiction. He also argues for the first time that the MDLEA exceeds Congress's powers and violates due process because it permits the United States to exert jurisdiction over foreign nationals without a nexus between the offense and the United States. Because these arguments are foreclosed by recent precedential decisions from our Court, we conclude that the government's position that Moreno-Rivas cannot show error on appeal is clearly correct as a matter of law. *Davis*, 406 F.2d at 1162.

In *Alfonso,* the defendants were convicted under the MDLEA after they were found aboard a go-fast vessel containing drugs in the Dominican Republic's EEZ. 104 F.4th at 818. On appeal, the

defendants challenged the constitutionality of the MDLEA as applied to them under the Felonies Clause, which "bestows on Congress the power to define and punish felonies committed on the high Seas." *Id.* at 818–20 (citation modified); *see* U.S. CONST. art. I, § 8, cl. 10. They specifically argued, in relevant part, that the district court lacked subject matter jurisdiction over their case because a country's EEZ was not part of the "high seas." *Alfonso*, 104 F.4th at 820.

We rejected the defendants' arguments, noting that "we repeatedly have upheld the MDLEA as a valid exercise of Congress's power to define and punish Felonies on the high Seas." *Id.* (citation modified). We explained that "international law does not limit the Felonies Clause" and explained that "[n]othing about the modern EEZ as defined by customary international law disturbs in any way the Founding era concept of the term 'high seas' that informed the original meaning of the Felonies Clause." *Id.* at 823, 826. We thus held that a nation's EEZ is "part of the 'high seas' for purposes of the Felonies Clause," and "enforcement of the MDLEA in EEZs is proper." *Id.* at 823, 827.

We reaffirmed this holding in *United States v. Canario-Vilomar*, in which the appellants pursued three arguments similar to those presented in the instant appeal. *See* 128 F.4th 1374, 1378–79 (11th Cir. 2025), *petition for cert. filed* (U.S. Aug. 26, 2025) (No. 25-5506). Relying on *Alfonso*, we concluded that Congress was not constrained by international law in crafting the MDLEA and rejected the argument "that Congress could not reach [the appellant]

23-13780                Opinion of the Court                    5

merely because he chose to traffic drugs in Colombia's EEZ rather than farther out into the open ocean." *Id.* at 1381–82.

Additionally, we rejected the argument "that the MDLEA's definition of a vessel without nationality—specifically, the inclusion of vessels for which a claimed nation can neither confirm nor deny registration—is ultra vires." *Id.* at 1381. Relying on *Alfonso*'s holding that the Felonies Clause is not limited by customary international law, we reasoned "that international law cannot limit Congress's authority to define 'stateless vessel' for purposes of the MDLEA," such that the appellants' argument was foreclosed, even though prior cases had not addressed this precise issue. *Id.*

Finally, we concluded that the argument that "the MDLEA violate[d] principles of due process" by allowing "the United States to assert jurisdiction over foreign nationals for conduct that bears no nexus with the United States" was "plainly foreclosed by our binding precedent." *Id.* at 1382–83. In so holding, we emphasized that we "ha[d] explained repeatedly" that "the conduct proscribed by the MDLEA need not have a nexus to the United States because universal and protective principles support its extraterritorial reach." *Id.* at 1383 (brackets omitted) (quoting *United States v. Campbell*, 743 F.3d 802, 810 (11th Cir. 2014)).

We are bound to follow *Alfonso* and *Canario-Vilomar*, as they have not been overruled, or undermined to the point of abrogation, by the Supreme Court or this Court sitting en banc. *United States v. White*, 837 F.3d 1225, 1228 (11th Cir. 2016); *United States v. Lee*, 886 F.3d 1161, 1163 n.3 (11th Cir. 2018); *see also United*

*States v. Morales*, 987 F.3d 966, 976 (11th Cir. 2021). Because our binding precedent forecloses Moreno-Rivas's constitutional challenges to the MDLEA, we are left with "no substantial question as to the outcome" of this case. *Davis*, 406 F.2d at 1162.

As such, we **GRANT** the government's motion for summary affirmance and **AFFIRM** Moreno-Rivas's conviction.